UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES H. WINCHESTER,

                Petitioner,                    Case Number: 03-10051-BC
                                                       Honorable David M. Lawson

v.

DAVID JAMROG,

                Respondent,

_____/

**OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE**

The petitioner, James H. Winchester, presently confined at the Parr Highway Correctional Facility in Adrian, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He was convicted of four counts of second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(c).  He was subsequently sentenced to four prison terms of four to fifteen years, to run concurrently.  In his petition, the petitioner advances claims of ineffective assistance of counsel, attorney misconduct where his trial counsel refused to cooperate with his appellate counsel, and prosecutorial misconduct.  The respondent has filed an answer urging this Court to dismiss the petition for writ of habeas corpus because none of the claims in the petition have been properly exhausted in the Michigan courts.  The Court agrees that the petitioner has not exhausted his state court remedies with respect to the four claims that he has raised in his petition for writ of habeas corpus.  Instead of dismissing the petition without prejudice, the Court will stay the proceedings under the terms outlined below to permit the petitioner to return to the state courts to exhaust his claims, failing which the petition shall be dismissed.  The Court will administratively close the case.

I.

The petitioner was convicted of four counts of second-degree criminal sexual conduct following a jury trial in the St. Clair County, Michigan Circuit Court.  On direct appeal, the petitioner filed a brief through counsel raising claims involving jury instructions, a motion to quash the information for lack of notice, the trial court's rulings preventing defense counsel from rehabilitating or impeaching certain witnesses or asking the victims questions related to their credibility, and the cumulative effect of all these errors.  The petitioner's conviction was affirmed by the Michigan Court of Appeals in an unreported decision.  *People v. Winchester*, 228314 (Mich. Ct. App. Apr. 26, 2002).  The petitioner then filed a *pro se* application for leave to appeal in the Michigan Supreme Court.  In the application, he raised two claims: first, that his trial counsel failed to cooperate with and withheld important papers from the petitioner's appellate attorney, prejudicing his appeal; and second, that trial counsel was ineffective for failing to have charges against the petitioner dismissed.  The Michigan Supreme Court denied the petitioner leave to appeal.  *People v. Winchester*, 467 Mich. 933, 655 N.W. 2d 567 (2002).  On January 28, 2003, the petitioner signed and dated the instant application for writ of habeas corpus that he filed with this Court.  The petitioner's four claims essentially state the following:

I.      The petitioner was deprived of the effective assistance of counsel where counsel failed to have the criminal charge dismissed at the preliminary examination when the alleged victim failed to identify the petitioner as being the perpetrator.

II.     The petitioner was deprived of the effective assistance of counsel where counsel failed to use available information while cross-examining the accusers  at the second trial with conflicting testimony from the first trial.

III.    The petitioner was prejudiced by attorney misconduct where trial counsel failed to assist the petitioner's appeal and withheld information from

>       appellate counsel which would have had a direct effect on the brief and oral
>       argument.
>
> IV.   The prosecutor engaged in misconduct where he sought to uphold the charges
>       against the petitioner at the preliminary examination after the victim failed
>       to identify the petitioner as the perpetrator.

The respondent contends that the petitioner failed to exhaust these claims in the Michigan state

courts.

## II.

State prisoners must exhaust available state remedies for their claims before a federal court

may grant a writ of habeas corpus.  28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29

(2004).  The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their

claims as federal constitutional issues in the state courts before raising those claims in a federal

habeas corpus petition.  *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S.

838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d

155, 160 (6th Cir. 1994).  The exhaustion requirement is satisfied if a prisoner invokes one complete

round of the state's established appellate review process, including a petition for discretionary

review to a state supreme court.  *O'Sullivan*, 526 U.S. at 845.  A prisoner "'fairly presents' his claim

to the state courts by citing a provision of the Constitution, federal decisions using constitutional

analysis, or state decisions employing constitutional analysis in similar fact patterns."  *Levine v.*

*Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir.

1987) (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on

defendant's claims of constitutional violations").  A Michigan petitioner must present each ground

to both Michigan appellate courts before seeking federal habeas corpus relief.  *See Mohn v. Bock*,

208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Baldwin*, 541 U.S. at 29.  The petitioner bears

the burden of showing that state court remedies have been exhausted.  *Rust*, 17 F.3d at 160.

A review of the petitioner's state court appellate brief reveals that none of his four claims

was ever presented to the Michigan Court of Appeals.  However, the petitioner appears to have

raised some of these issues for the first time in his application for leave to appeal to the Michigan

Supreme Court: he raised his third claim as Issue I in his *pro se* application for leave to appeal to

the Michigan Supreme Court, and he raised his first claim of ineffective assistance of counsel as part

of Issue 2 in the application.  The petitioner also mentioned his other two claims in a cover letter to

the Clerk of the Michigan Supreme Court, which he sent with his application for leave to appeal,

although he did not use the terms ineffective assistance of counsel or prosecutorial misconduct.

When a petitioner raises a claim for the first time before the state courts on discretionary review, the

petitioner has not "fairly presented" the claim to the state courts for exhaustion purposes. *See*

*Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Because the petitioner failed to present these claims

in his appeal of right to the Michigan Court of Appeals, his presentation of these claims to the

Michigan Supreme Court did not satisfy the exhaustion requirement of section 2254.

If the Court dismisses the current petition, however, the petitioner will be unable to re-file

a petition for writ of habeas corpus following the exhaustion of his issues in the state courts because

the one-year statute of limitations for filing his habeas corpus petition will have run.  The

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat.

1214 (Apr. 24, 1996), amended 28 U.S.C. section 2244 to include a one-year period of limitations

for habeas petitions brought by prisoners challenging state court judgments. *See Vroman v. Brigano*,

346 F.3d 598, 601 (6th Cir. 2003).  The statute of limitations runs from the date on which the

judgment became final by the conclusion of direct review or the expiration of the time for seeking

such a review. *See* 28 U.S.C. § 2244(d)(1)(A). The petitioner's application for leave to appeal was

denied by the Michigan Supreme Court on December 30, 2002. The petitioner's conviction became

final ninety days later, on March 31, 2003, when the deadline for filing a petition for writ of

certiorari in the United States Supreme Court expired. *See Bronaugh v. Ohio*, 235 F.3d 280, 283

(6th Cir. 2000) (holding that the last day on which a petitioner can file a petition for a writ of

certiorari in the United States Supreme Court is not counted toward the one-year limitations period

applicable to habeas corpus petitions). Although the petitioner filed his petition in this Court on

February 21, 2003, the Supreme Court has held that the filing of a federal habeas corpus petition

does not suspend the running of the one-year limitations period under 28 U.S.C. § 2244(d)(2). *See*

*Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Thus, the limitations period expired for the

petitioner on March 31, 2004.

Nevertheless, the filing of a defective habeas petition does not preclude federal district courts

from "retain[ing] jurisdiction over a meritorious claim and stay[ing] further proceedings pending

the complete exhaustion of state remedies," or from "deeming the limitations period tolled for [a

habeas] petition as a matter of equity." *Duncan*, 533 U.S. at 182-183 (Stevens, J., concurring); s*ee*

*also Palmer v. Carlton*, 276 F.3d 777, 780-81 (6th Cir. 2002) (implicitly adopting the course of

action recommended by Justice Stevens). The Supreme Court has held that a federal court may stay

a "mixed" federal habeas petition and hold further proceedings in abeyance pending resolution of

state court post-conviction proceedings, provided that there is good cause for the failure to exhaust

claims and the unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 277

(2005) (noting that the AEDPA "does not deprive district courts of that authority, but it does

circumscribe their discretion"). The Supreme Court specifically recognized that the "stay-and-abeyance" procedure is appropriate where outright dismissal of the petition would jeopardize the timeliness of a future petition. *Id.* at 275. Furthermore, the Supreme Court noted in *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), that a petitioner who was in doubt about whether his application for collateral relief in state court was "properly filed" could file a "protective" habeas corpus petition in federal court to preserve its timeliness and have it held in abeyance until state court remedies were exhausted.

The Sixth Circuit has also adopted the reasoning of Justice Stevens in *Duncan v. Walker* where a habeas petitioner raised a single unexhausted claim in his petition. In *Hargrove v. Brigano,* 300 F.3d 717, 718 (6th Cir. 2002), the Sixth Circuit held that a district court acted properly when it dismissed the unexhausted petition without prejudice, ordering that the time during which the petition had been pending in the district court would be equitably tolled when the petitioner refiled his petition after exhaustion. The *Hargrove* court noted that prospective equitable tolling "achieved the same result" as the stay-and-abeyance procedure. *Hargrove*, 300 F.3d at 721. It appears that the stay-and-abeyance procedure is appropriate in this case where the petitioner presents only unexhausted claims in his timely-filed petition.

In this case, the petitioner has good cause for failing to exhaust his habeas claims because appellate counsel failed to present them on direct review, his trial counsel allegedly failed to cooperate with his appellate counsel, and the petitioner, who is unlearned in the law, apparently was unaware of the issues that were raised in his appellate brief. The Court is satisfied that good cause has been shown for the failure to exhaust. *See Pace*, 544 U.S. at 416 (holding that a petitioner's reasonable confusion regarding state filing requirements will ordinarily constitute good cause for

him to file in federal court).  The Court further is satisfied that the claims are potentially meritorious and that the petitioner has not engaged intentionally in dilatory tactics.  *See Rhines*, 544 U.S. at 278.

To avoid injustice, the Court will allow the petitioner to return to state court to exhaust his unexhausted claims and the Court will stay further proceedings in the current action, provided that the petitioner acts promptly.  When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back."  *Rhines*, 544 U.S. at 278.  To ensure that the petitioner does not delay in exhausting his state court remedies, the Court imposes upon the petitioner time limits within which he must proceed.  *See Palmer*, 276 F.3d at 781.  The petitioner must present his claims in state court within fifty-six days from the date of this Order.  *See id*.  Further, he must ask this Court to lift the stay within twenty-eight days of exhausting his state court remedies.  *See id*.  "If either condition of the stay is not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed."  *Palmer*, 276 F.3d at 781.

The Michigan Court Rules furnish a process by which the petitioner may raise his unexhausted claims.  The petitioner may file a motion for relief from judgment in the St. Clair Circuit Court pursuant to Michigan Court Rule 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument, and conduct an evidentiary hearing on the petitioner's claims.  The petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court, and he may thereafter file a petition for writ of certiorari in the United States Supreme Court.  To obtain relief in state court, he will have to show cause for failing to raise his unexhausted claims on direct review and resulting prejudice or a significant possibility of innocence.

*See* Mich. Ct. R. 6.508(D)(3).  However, he would have to make a similar showing here if the Court

concluded that there was no state remedy to exhaust.  *Gray v. Netherland*, 518 U.S. 152, 161-62

(1996); *Hannah v. Conley*, 49 F.3d 1193, 1195-96 & n.3 (6th Cir. 1995); *Rust*, 17 F.3d at 160.  The

petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the

first instance so the state court will have an opportunity to decide whether he has established "cause"

for his failure to present this claim on direct review.

III.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is **HELD IN**

**ABEYANCE**.  The petitioner may file a motion for relief from judgment with the state trial court

on or before **September 25, 2006**.  If the petitioner fails to file a motion for relief from judgment

by that date, the Court will dismiss the petition for writ of habeas corpus without prejudice.

If the petitioner files a motion for relief from judgment in the trial court, he shall notify this

Court that such papers have been filed.  The case shall then be held in abeyance pending the

petitioner's exhaustion of the unexhausted issues.  The petitioner shall file an amended petition in

this Court within **twenty-eight (28) days** after the conclusion of the state court proceedings.  If the

petitioner files an amended petition, the respondent shall file an answer addressing the allegations

in the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United

States District Courts within **twenty-one (21) days** thereafter.

If, and when, the petitioner returns to federal court with an amended petition, following

exhaustion of state remedies, he shall use the same caption and case number as appears on this order.

It is further **ORDERED** that to avoid administrative difficulties the Clerk of Court **CLOSE**

-8-

this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal of this matter.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 28, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 28, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS